IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARYL DEAN WHITEBIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-184-SLP |
| | ) | |
| SHERIFF TODD GIBSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JOSH HARRIS' ANSWERS AND RESPONSES
TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

Defendant Josh Harris ("Defendant") submits his Answers and Responses to Plaintiff's First Set of Discovery Requests in the above-styled and numbered case as follows:

Each Discovery Request is subject to the following General Objections, which form a part of Defendant's Answer/Response to each and every Discovery Request as though fully set forth therein. Specific objections that are particularly applicable to a given Discovery Request are referred to in Defendant's Objections and Answer/Response to that Discovery Request. Defendant's failure to reference a General Objection in any Answer/Response is not a waiver of that objection.

1. Defendant objects to the Discovery Requests as burdensome and oppressive by seeking information and materials that are not relevant to claims or defenses in this action and by seeking information and materials that are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. By responding to these Discovery Requests, Defendant does not waive any objections that the information or materials requested are irrelevant or inadmissible, and expressly reserves the right to assert those objections and to further object to discovery into the subject matter of these Discovery Requests.

**EXHIBIT 1**

2. Defendant's Objections and Responses to these Discovery Requests are based upon information known to Defendant at this time. Defendant reserves the right to supplement its Objections and Responses to these Discovery Requests as provided under the Federal Rules of Civil Procedure.

3. Defendant objects to the Discovery Requests that purport to impose obligations upon Defendant greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure.

4. Defendant objects to all Discovery Requests that seek information which is not relevant to the subject matter of this litigation.

5. Defendant objects to all Discovery Requests seeking information pertaining to persons not a party to this litigation.

6. Defendant objects to all Discovery Requests seeking legal conclusions or opinions rather than matters of fact as they call for speculation.

7. Defendant objects to all Discovery Requests seeking information and/or materials for any purpose other than the use of such information and/or materials in this lawsuit.

8. Defendant objects to all Discovery Requests that are not limited in scope by any specific time period as unduly burdensome, overbroad, and oppressive.

9. Defendant objects to all Discovery Requests that are cumulative or duplicative.

10. Defendant objects to all Discovery Requests that are unduly burdensome, overbroad, or oppressive.

11. Defendant objects to the Discovery Requests, which, expressly or by implication, seek information relating to any investigation conducted by counsel or any representative of Defendant in anticipation of litigation and the results of any such investigation.

EXHIBIT 1

12. Defendant objects to all Discovery Requests that call for any information and/or materials that Defendant is prohibited from disclosing by contract, order, statute, rule, regulation or law.

13. Defendant objects to all Discovery Requests that seek information or materials that Plaintiff can obtain from governmental agencies, other defendants, or other sources that are more convenient, less burdensome, and less expensive or with burden equal to that imposed on Plaintiff.

14. Defendant objects to all Discovery Requests requesting that Defendant identify a natural person as vague, ambiguous, and unduly burdensome. Defendant will name any known natural persons in its Objections and Answers to the Discovery Requests. To the extent Plaintiff wishes to depose named persons affiliated with Defendant, arrangements may be made through Defendant's counsel.

15. Defendant objects to all Discovery Requests requesting that Defendant identify documents, records or materials as vague, ambiguous and unduly burdensome. Defendant will produce or make available for inspection and copying any responsive, non-privileged and previously unproduced materials and appropriate references to such materials will be contained in its Objections and Answers to the Interrogatories.

16. Defendant objects to all Discovery Requests that are vague, ambiguous, and do not convey with reasonable clarity what Defendant is asked to respond to, and/or fails to identify with reasonable particularity the information or materials requested. Defendant also objects to all Discovery Requests containing words and phrases with uncertain meaning and/or that require speculation as to the intended meaning.

17. Defendant further objects that Plaintiff's Discovery Requests are vague, ambiguous, and necessarily require interpretation. Such interpretation may in some, or all, cases

EXHIBIT 1

be different from that which Plaintiff intended. Defendant hereby places Plaintiff on notice that Defendant has necessarily taken such interpretation in order to provide its Objections and Answers herein. Plaintiff's imprecise and ambiguous Discovery Requests are directly responsible for such interpretation.

18. Defendant objects to Plaintiff's Discovery Requests that relate to or seek discovery of matters that are protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the settlement negotiations privilege and/or any other applicable privilege or immunity.

19. Information provided by Defendant herein is based on Defendant's knowledge but the words used are those of Defendant's counsel.

Defendant's Objections and Responses to Plaintiff's Discovery Requests are made with an express reservation of these General Objections and any specific objection set forth below. By answering and/or responding to the Discovery Requests herein, Defendant is not waiving any such objections.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State and identify the standard policy and procedures on intake of detainees, this includes but not limited to intake procedures.

**ANSWER:** Defendant lacks sufficient information to respond to this Interrogatory as the specific information sought is within the possession of a third party over whom this Defendant has no authority or control and further objects to this request as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that upon his recollection, when an arrestee is brought to the Cleveland County Detention Center, his or her bond amounts and charges are reviewed when the booking officer is considering

EXHIBIT 1

where to house the detainee. The supervisor of the shift would decide where to house the detainee once the booking process is complete.

**INTERROGATORY NO. 2:** State and identify what the policy, standard procedures, are for assigning detainees to housing unit upon intake, more specifically identify the exact procedures which take place upon reception or issuance of housing.

**ANSWER:** Defendant lacks sufficient information to respond to this Interrogatory as the specific information sought is within the possession of a third party over whom this Defendant has no authority or control and further objects to this request as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that upon his recollection, at the Cleveland County Detention Center, the supervisor running the shift decides where the detainee should be housed in the detention center after clearing the booking process. Many factors, including bond amounts, charges, behavioral problems, prior charges, etc., are considered when making this decision in order to insure the overall safety of the jail.

**INTERROGATORY NO. 3:** State and identify the steps taken when Mr. Whitebird was booked into the Cleveland County Jail in January 2019.

**ANSWER:** Defendant lacks personal knowledge sufficient to answer this Interrogatory as he was not the booking officer when Mr. Whitebird was brought to the jail.

**INTERROGATORY NO. 4:** Holding a rank of shift commander are you allowed to answer grievances? If so, are you trained to apply due diligence when answering grievances?

**ANSWER:** As a lieutenant, Defendant did have permission to answer his grievances and did so to the best of his ability.

**EXHIBIT 1**

**INTERROGATORY NO. 5:**   In your time of employment here at the jail have you had any write-ups for not answering grievances truthfully, or any other misconduct or abuse of power/retaliation.

**ANSWER:**   No.

**INTERROGATORY NO. 6:**   In regards to housing procedures these can be overrode [sic] meaning lowbonds in lockdown pods due to behavioral problems? Also can highbonds be housed on open dorms and please let me know if this is still being allowed.

**ANSWER:**   Defendant objects to this Interrogatory as it contains two separate questions, which is disallowed under the Federal Rules of Civil Procedure. Without waiving said objection, Defendant states that upon information and belief, the policies allow inmates with low bond amounts to be placed in lockdown pods for certain reasons.

**INTERROGATORY NO. 7:**   Please identify each person you may want to call as a witness at trial.  Also include phone numbers and contact information.

**ANSWER:**   Defendant objects to this Interrogatory as discovery is ongoing. Defendant will supplement pursuant to the Federal Rules of Civil Procedure and the Court's Scheduling Order. Without waiving said objection, Defendant states the following may be called as witnesses:

Todd Gibson; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611;

Jacob Wheeler; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611;

Gary Bazemore; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611;

James Glasco; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611;

Brandi Frank; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611;

Kyle Keller; c/o Jessica L. Dark, 1109 N. Francis Ave., OKC OK 73106; 405-235-1611.

EXHIBIT 1

**INTERROGATORY NO. 8:** Have you personally put someone in lockdown pod for disciplinary or behavioral problems, or have you released someone to open dorm even though theyre [sic] bond was high.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information neither relevant nor proportional to the needs of this case, is vague, overbroad and asks two separate questions, which is disallowed by the Federal Rules of Civil Procedure. Without waiving said objections, Defendant states that he has put an inmate in a lockdown pod in the past.

**INTERROGATORY NO. 9:** Are you aware of a detainee named Mark Rodgers who was moved to Pod Q lockdown for passing a note to a female, and in March 2019 Lt. K. Keller moved him back to open pod despite [sic] having a high bond.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information neither relevant nor proportional to the needs of this case.

**INTERROGATORY NO. 10:** Have you ever been a party to lawsuit before? If so when and case #s also disposition on suits.

**ANSWER:** Defendant objects to this Interrogatory as it seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection and other than this lawsuit, Defendant states the following:

1. Goodnight v. Lester, et al.; Case No. 11-cv-00691; dismissed;

2. Williams v. Cleveland County, et al.; Case No. 17-cv-1051; dismissed;

3. Whitmore v. Singleton, et al.; Case No. 19-cv-296; judgment entered in favor of defendants.

**INTERROGATORY NO. 11:** Do you sometimes feel that detainees file frivolous grievances. If so is due diligence given to grievances to determine if its [sic] frivolous?

EXHIBIT 1

**ANSWER:**   Defendant objects to this Interrogatory as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that typically inmates' grievances are not frivolous.

**INTERROGATORY NO. 12:**   Is it true that frivolous grievances can be punished. If so what is the procedure to determine level of friviloty [sic] or punishment. If none, are you capable of inflicting sanctions for filing of grievances.

**ANSWER:**   Defendant objects to this Interrogatory as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that he never punished any detainee for filing a grievance regardless of the content thereof.

**INTERROGATORY NO. 13:**   How important do you think it is for a detainee to have access to a functioning law library or grievance process here at the jail.

**ANSWER:**   Defendant objects to this Interrogatory as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case.

**INTERROGATORY NO. 14:**   Do you now or plan to have strict adherence to housing only lowbonds in open dorms and all highbonds in lockdown pods due to this action.

**ANSWER:**   Defendant lacks sufficient information to respond to this Interrogatory as the specific information sought is within the possession of a third party over whom this Defendant has no authority or control and further objects to this request as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that when he worked at the Cleveland County Detention Center as a lieutenant, he made sure that detainees were housed correctly and provided training to his staff on how to classify detainees properly.

EXHIBIT 1

**INTERROGATORY NO. 15:**   When your [sic] answering a grievance do you always check bond amounts.

**ANSWER:**   Defendant objects to this Interrogatory as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that when he was responding to a grievance, he would access the inmate's booking information so he could see to whom he was responding. When he would access this information, the inmate's bond amount and charges were automatically pulled up.

**INTERROGATORY NO. 16:**   In the handbook here at CCDC theres [sic] a mission statement that says "Guardians betweens [sic] Good and Evil". Do you consider me or all detainees evil.

**ANSWER:**   No.

**INTERROGATORY NO. 17:**   How many times has my housing unit R been tuned into Ad Seg. since January 2019 If for any reasons due to my behavior.

**ANSWER:**   Defendant lacks sufficient information to respond to this Interrogatory as the specific information sought is within the possession of a third party over whom this Defendant has no authority or control and further objects to this request as it is vague, overbroad, and seeks information neither relevant nor proportional to the needs of this case. Without waiving said objection, Defendant states that on one occasion, Shift 3 had placed R pod on Administrative Segregation for having contraband. When Defendant, who was on Shift 1 at the time, found out that there were two individuals who had the contraband and that they had already been taken to disciplinary segregation, Defendant made the call to take R pod off Administrative Segregation and resume normal activity.

**EXHIBIT 1**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All journals; diaries; communications to friends, relatives, or other persons; notes or memoranda; photos; calendars audio or video recordings; transcriptions of audio or video recorded events; computer data; lists; fact sheets, histories, descriptions or other documents which reflect on concern or relate in any way to the facts, or allegations in this lawsuit.

**RESPONSE:** Defendant does not have responsive documents in his possession.

**REQUEST NO. 2:** Housing assignment logs for Mark Rodgers move from open dorm to Pod Q in Feb, Mar./Apr. 2019 and his move back to open dorm, detainees Mark Rodgers bond amount.

**RESPONSE:** Defendant objects to this Request as it seeks information neither relevant nor proportional to the needs of this case, is vague, overbroad and seeks documents in the custody of a third party over whom Defendant does not have control. Without waiving said objections, Defendant states that he does not have responsive documents in his possession.

**REQUEST NO. 3:** Copy of request to staff sent to K. Keller sent by Mark Rodgers requesting and being granted move back to open dorm.

**RESPONSE:** Defendant objects to this Request as it seeks information neither relevant nor proportional to the needs of this case, is vague, overbroad and seeks documents in the custody of a third party over whom Defendant does not have control. Without waiving said objections, Defendant states that he does not have responsive documents in his possession.

**REQUEST NO. 4:** Any documents or logs showing lockdown Pod R turned to Ad Seg for group punishment.

**RESPONSE:** Defendant objects to this Request as it seeks information neither relevant nor proportional to the needs of this case, is vague, overbroad and seeks documents in the custody of

EXHIBIT 1

a third party over whom Defendant does not have control. Without waiving said objections, Defendant states that he does not have responsive documents in his possession.

**REQUEST NO. 5:**   All documents and tangible things to which you referred, upon which you relied or which you were requested to identify in answering the first set of Interrogatories by Plaintiff.

**RESPONSE:**   Defendant does not have any responsive documents in his possession.

**REQUEST NO. 6:**   Printout of detainees charges and bond amounts housed on Z-pod in January 2019.

**RESPONSE:**   Defendant objects to this Request as it seeks information neither relevant nor proportional to the needs of this case, is vague, overbroad and seeks documents in the custody of a third party over whom Defendant does not have control. Without waiving said objections, Defendant states that he does not have responsive documents in his possession.

Respectfully submitted,

Robert S. Lafferrandre, OBA No. 11897
Jessica L. Dark, OBA No. 31236
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone:  (405) 235-1611
Facsimile:   (405) 235-2904
rlafferrandre@piercecouch.com
jdark@piercecouch.com
*Attorneys for Defendant Josh Harris*

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2020, I served the attached document by U.S. mail, postage prepaid, to the following who is not a registered participant of the ECF System:

Daryl Dean Whitebird
Prisoner # 2019000068
NORMAN-CCDC
2550 West Franklin Road
Norman, Oklahoma 73069-8012
*Plaintiff Pro Se*

_____
Jessica L. Dark

**EXHIBIT 1**