# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARLY DEAN WHITEBIRD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-184-SLP |
| TODD GIBSON, et al., | ) |
| Defendants. | ) |

## O R D E R

Plaintiff, a state prisoner appearing pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his federal constitutional rights arising from his pretrial detention at the Cleveland County Detention Center (CCDC).

Before the Court is the Report and Recommendation [Doc. No. 108] (R&R) of United States Magistrate Judge Amanda Maxfield Green. As set forth in the R&R, Plaintiff's only remaining claim is a First Amendment retaliation claim against Defendants Josh Harris and Taylor Masterson. R&R at 1, n. 1. As to this claim, Judge Green recommends granting Defendants' Motions for Summary Judgment on grounds Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

Plaintiff timely filed an objection to the R&R. *See* Doc. No. 109. The Court, therefore, conducts a de novo review as to those matters to which Defendant objects. *See* Fed. R. Civ. P. 72(b)(3); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

In his objection Plaintiff does not contest Judge Green's finding that his First Amendment retaliation claim is unexhausted. Instead, Plaintiff argues that no administrative remedy was available to him due to the retaliatory conduct of detention officers. *See* Obj. at 2-3 ("I was retaliated against for filing grievances, so more grievances would incur more retaliation. That's why nothing more was filed until after this action was brought.").[1]

"The PLRA does not impose an exhaustion requirement unless administrative remedies are 'available.'" *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019). Where, as here, the defendant has shown administrative remedies have not been exhausted, the plaintiff bears the burden to show that such remedies were unavailable. *Id*.

"Administrative remedies are deemed unavailable if, among other things, 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id*. (quoting *Ross v. Blake*, -- U.S. --, 136 S.Ct. 1850, 1860 (2016)). Plaintiff must produce specific facts to show (1) the threat, machination, or intimidation by prison officials actually did deter him from lodging a grievance and (2) the threat, machination or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance. *Id*. at 1235.

---

[1] Defendants filed a Joint Response [Doc. No. 110] to Plaintiff's Objection. Defendants "assume" that Plaintiff "intended to object to the entire report." *See* Defs.' Resp. at 3. The Court, however, construes Plaintiff's Objection more narrowly, limiting its review to those matters specifically objected to by Plaintiff. *See United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). Regardless, the Court wholly concurs with the Magistrate Judge's findings on the issue of exhaustion of administrative remedies.

Plaintiff falls short of such proof. He simply states in conclusory fashion that filing more grievances would cause him to incur more retaliation. Moreover, he did file a further grievance on March 15, 2019, after this lawsuit was filed and within approximately six weeks of the filing of his first request to staff. He does not allege he was hindered, threatened or intimidated in any way in filing this grievance.[2] Plaintiff's own actions, therefore, belie his assertion that administrative remedies were unavailable to him.

Plaintiff raises no other objection to the R&R. As such, he has waived further review of any remaining issues. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (failure to object waives review of factual and legal issues).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 108] is ADOPTED and Defendants' Motions for Summary Judgment [Doc. Nos. 85-86] are GRANTED.

IT IS FURTHER ORDERED that the following Motions are DENIED as more fully set forth in the Report and Recommendation: (1) Plaintiff's Motion to Compel Discovery [Doc. No. 97]; (2) Plaintiff's Motion to Submit Witness Affidavit [Doc. No. 99]; Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment [Doc. No. 100] and Plaintiff's Motion for Extension of Time [Doc. No. 106].

---

[2] The subject of the grievance was Plaintiff's claim of retaliation in which he alleged he was transferred from z pod to r pod. That grievance was denied. Plaintiff was advised by prison officials that he was moved due to his "high bond" and not for any retaliatory reason. *See* Grievance [Doc. No. 85-15].

As no further claims remain pending in this action, a separate judgment shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 12th day of July, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE